ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126568)
Chief, Criminal Division

LLOYD FARNHAM (CABN 202231)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6559
    FAX: (415) 436-7234
    Lloyd.Farnham @ usdoj.gov
    Alethea.Sargent @ usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-00378 WHO |
| Plaintiff, | |
| v. | STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| SANTOS RENE SOTO, and SANTOS MOISES SOTO, III, | |
| Defendants. | |

Plaintiff United States of America, through undersigned counsel, and defendants Santos Rene Soto and Santos Moises Soto III (defendants), through undersigned counsel, stipulate as follows:

1.    A status conference is presently set in this matter for August 22, 2024. For the reasons set forth below, the parties request that this status conference be continued to November 7, 2024, and that time be excluded during that time period under the Speedy Trial Act.

2.    On September 28, 2022, a federal grand jury returned an indictment against defendants charging them with various federal crimes including Conspiracy in violation of 18 U.S.C. § 371; Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349; Wire Fraud in violation of 18

U.S.C. § 1343; Bank Fraud in violation of 18 U.S.C. § 1344(2); and False Statement on a Loan Application in violation of 18 U.S.C. § 1014. Defendants are free on pretrial release.

3. The government has produced discovery in this case and continues to produce discovery. As part of its investigation, the government seized numerous electronic devices and items that contain digital evidence and stored electronic information. After meeting and conferring, the government returned electronic evidence including thumb drives, hard drives, and laptop computers. Defense counsel continues to process, review and utilize these items in the preparation of their defense. Thereafter, defense counsel requested the return of business records, documents, and other materials seized by the government during the execution of a 2022 search warrant. The parties are continuing to meet and confer on this issue. The defense takes the position that business records are essential to the development of their defense.

4. Counsel for defendants represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Counsel for defendants also agree that the requested exclusion of time is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

5. Counsel for defendants represent that they have fully informed their clients of their Speedy Trial rights and that, to their knowledge, their clients understand those rights and agree to waive them. Defendants' counsel further believe that their clients' decision to give up their right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

6. For these reasons, the parties request that the status conference currently scheduled for a hearing via Zoom on August 22, 2024, be continued to November 7, 2024, also for a hearing via Zoom. Based on these facts agreed to by the parties, the time period of August 22, 2024, through November 7, 2024, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv), for effective preparation and continuity of counsel.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must

commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

DATED: August 21, 2024

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
LLOYD FARNHAM
ALETHEA SARGENT
Assistant United States Attorneys

_____/s/_____
EDWIN PRATHER
Attorney for Defendant
Santos Rene Soto

_____/s/_____
DANIEL BLANK
Attorney for Defendant
Santos Moises Soto III

**ORDER**

The Court has read and considered the Stipulation to Continue Status Conference and Exclude Time Under the Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice; and (iii) failure to grant the continuance would deny defense and government counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The status conference currently scheduled for August 22, 2024, via Zoom is continued to November 7, 2024, at 1:30 p.m., via Zoom.  The time period of August 22, 2024, to November 7, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

DATED: August 22, 2024

_____
HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE