1 | JODI LINKER
Federal Public Defender
2 | DANIEL P. BLANK
ELIZABETH FALK
3 | Assistant Federal Public Defenders
19th Floor Federal Building - Box 36106
4 | 450 Golden Gate Avenue
San Francisco, CA 94102
5 | Telephone: (415) 436-7700
6 | Facsimile: (415) 436-7706
Email: Daniel_Blank@fd.org
7 |
Counsel for Defendant SOTO III

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 22–0378 WHO |
|---|---|
| Plaintiff, | **DEFENDANT SOTO III'S REPLY ON MOTION TO STRIKE "NON-DISCLOSURE" THEORY OF PROSECUTION FROM COUNTS ONE THROUGH FIVE** |
| v. | |
| SANTOS MOISES SOTO III, | |
| Defendant. | **Court:** Hon. William H. Orrick <br> **Date:** August 14, 2025 <br> **Time:** 1:30 p.m. |

**ARGUMENT**

Each of the offenses charged in Counts One through Five of the Indictment allege wire fraud schemes based upon prosecutorial theories of both material false statements and the non-disclosure of material facts. However, with regard to the non-disclosure theory, the Indictment is defective because it fails to plead the implied necessary element of a duty to disclose. The government, in its opposition to Defendant "Saints" Soto's motion to strike the non-disclosure theory from those counts, argues that the Indictment here is nevertheless sufficient, or in the alternative that any defect in the Indictment is harmless. Dkt. 83 at 22-24. The government is mistaken. The charging language in Counts One through Five alleging fraud based upon "omission" or "concealment" of material facts must be struck from the Indictment.

As an initial matter, the government strangely contends that the defendants "cite no Ninth Circuit case that requires that an Indictment include either an allegation that the defendants had a duty disclose or the factual basis for that duty." Dkt. 83 at 22. However, as explicitly cited in Mr. Soto's opening brief, Dkt. 73 at 2, the Ninth Circuit has long held that, "if properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *United States v. Du Bo,* 186 F.3d 1177, 1179 (9th Cir. 1999). The fundamental requirement to plead in the Indictment every element of the charged offense applies equally to those elements not expressly set forth in the statutory text but instead determined to be implied necessary elements of the offense. *See id.* ("'[I]mplied, necessary elements, not present in the statutory language, must be included in an indictment.'") (quoting *United States v. Jackson,* 72 F.3d 1370, 1380 (9th Cir. 1995)); *see also United States v. Henry,* 984 F.3d 1343, 1358 (9th Cir. 2021) (same) (quoting *Du Bo,* 186 F.3d at 1179).

And, as explicitly cited in that opening brief, Dkt. 73 at 2, the Ninth Circuit has also long held that a charge of wire fraud may be premised either on a theory of affirmative misrepresentation or on a theory of "non-disclosure," but a "non-disclosure" can only support a wire fraud charge "'when there exists an independent duty that has been breached by the person so charged.'" *Eller v. Equitrust Life Ins. Co.,* 778 F.3d 1089, 1092 (9th Cir. 2015) (quoting *United States v. Dowling,* 739 F.2d 1445,

1449 (9th Cir. 1984), *rev'd on other grounds,* 473 U.S. 207 (1985)); *see also United States v. Shields,* 844 F.3d 819, 822 (9th Cir. 2016) ("Defendants are correct that a nondisclosure can support a wire fraud charge only when there exists an independent duty that has been breached by the person so charged.") (cleaned up, citations omitted).[1]

For this reason, as also explicitly cited in the opening brief, Dkt. 73 at 2-3, courts in the Ninth Circuit have repeatedly held that counts charging wire fraud, or conspiracy to commit wire fraud, based upon "omission" or "concealment" must be struck from the Indictment if they do not plead the implied necessary element of a duty to disclose. *See, e.g., United States v. Lonich,* 2016 WL 324039 at *6-*8 (N.D. Cal. Jan. 27, 2016) (dismissing counts "charging conspiracy to commit wire fraud and substantive wire fraud allegations" from the Indictment "to the extent those counts allege an omissions theory of fraud," due to their failure to plead the implied necessary element of a duty to disclose); *see also United States v. Sullivan,* 2022 WL 2317441 at *7-*8 (N.D. Cal. June 28, 2022) (holding that, for counts charging wire fraud based both upon material misrepresentations and material omissions, government could only proceed to trial on a theory of material misrepresentations due to the failure to plead a duty to disclose); *United States v. Galloway,* 2016 WL 4269961 at *2-*4 (N.D. Cal. Aug. 15, 2016) (same).

The government struggles to distinguish this wall of authority, inaptly citing cases pre-dating *DuBo,* addressing other issues, or from outside the Ninth Circuit. *See* Dkt. 83 at 22-23.[2] For example, despite acknowledging that, in a case from this district, *Lonich* held that "failure to

---

[1] Such a "non-disclosure" includes both "omission" and "concealment," to the extent that there is any difference between those terms. *See, e.g., United States v. Galloway,* 2016 WL 4269961 at *3 (N.D. Cal. Aug. 15, 2016) ("In *Dowling,* the Ninth Circuit used the terms non-disclosure and concealment interchangeably 'as a basis for the fraudulent scheme.' 739 F.2d at 1448. Even the dictionary definitions do not reveal a meaningful distinction among the terms omission ('non-performance or neglect of an action which one has a moral duty or legal obligation to perform'), non-disclosure ('failure to reveal or disclose information') and concealment ('crime of concealing or suppressing information so as to cause injury or disadvantage to another').")

[2] *See, e.g., United States v. Givens,* 767 F.2d 574, 584 (9th Cir. 1985) (pre-dating *Du Bo*); *see also United States v. Milovanovic,* 678 F.3d 713, 728 (9th Cir. 2012) (holding that indictment charging honest services fraud was not required to allege that the fiduciary relationship between the defendant and the victim was "a formal, or classic fiduciary relationship" because that is not an element of the offense); *United States v. Inunza,* 638 F.3d 1006, 1018 (9th Cir. 2011) (holding that indictment charging honest services fraud was not required to allege private gain by the defendant because that is not an element of the offense); *United States v. Marchese,* 838 F. Supp. 1424, 1428 (D. Colo. 1993) (outside the Ninth Circuit).

REPLY ON MOTION TO STRIKE "NON-DISCLOSURE" THEORY
*SOTO III*, CR 22–0378 WHO

explicitly allege that the defendant had a duty to disclose would preclude proceeding on that theory," the government contends that this Court's similar decision in *Sullivan* "does not bear on this case" because the duty to disclose there was "created by state law." *Id.* at 23. However, this Court applied Ninth Circuit precedents *United States v. Shields,* 844 F.3d 819 (9th Cir. 2016), and *United States v. Farrace,* 805 Fed. App'x 470 (9th Cir. 2020), without regard to the source of the duty to disclose, in holding that, "[u]nder *Shields,* as interpreted by *Farrace,* for the Superseding Indictment to state an omission-based wire fraud offense against Sullivan, it must allege that he owed a duty to the drivers to disclose the omitted information." 2022 WL 2317441 at *7 (footnoted omitted).[3]

Finally, the government argues that any failure to plead a duty-to-disclose element is harmless because supposedly the facts alleged in the Indictment sufficiently raise the inference of such a duty. *See* Dkt. 83 at 23-24. However, the Ninth Circuit has long held that a "defective indictment is a structural flaw not subject to harmless error review." *Inzunza,* 638 F.3d at 1016-17 (citation omitted).

## CONCLUSION

For the aforementioned reasons, the Court should strike the "non-disclosure" theory of prosecution from Counts One through Five of the Indictment as inadequately pleaded due to the failure to allege the implied necessary element of a duty to disclose.

Dated: June 26, 2025

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

/S
DANIEL P. BLANK
Senior Litigator

---

[3] The only precedent cited by the government, even merely as non-binding persuasive authority, in support of its position that an indictment charging wire fraud based upon non-disclosure need not affirmatively plead the implied necessary element of a duty to disclose, is an order from a case out of the District of Arizona that is not published, not even on Westlaw. *See United States v. Losch,* 2022 U.S. Dist. LEXIS 103425, *7 (D. Ariz. June 9, 2022). *Losch* itself does not cite authority from any jurisdiction in support of its conclusion that the element of a duty to disclose need not be pleaded in an indictment charging wire fraud under a non-disclosure theory. *See id.*

REPLY ON MOTION TO STRIKE "NON-DISCLOSURE" THEORY
*SOTO III*, CR 22–0378 WHO